JOHN M. SHANE *v.* ROBERT DIXON, JR.

**Jury Trial—Waived by Failure to Appear.**
The parties to an action arising on contract, may waive a trial by
jury, and in other actions than those arising on contract, or in actions
not arising on contracts, a jury may be waived, with the assent of the
court, by the failure of the party to appear at the trial.

**Same—Trial.**
A trial is, by Section 341, Civil Code, defined to be a judicial examination
of the issues, whether of law or fact, in an action.

**Trial—Actions Ordinary—Allegations of Value or Damages.**
If there be no issue of fact presented in proceedings, by ordinary,
there can be no trial by jury, except where there is an allegation of value
or damages claimed.

APPEAL FROM HENDERSON CIRCUIT COURT.

January 12, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

This action was brought by appellee against appellant for the
recovery of a lot in the City of Henderson, described in the peti-
tion by metes and bounds.

No defense was made and judgment was rendered by default,
without the intervention of a jury, by the court below, which
appellant now seeks to reverse.

It is insisted by his counsel that by Sec. 361 Civil Code,, it
is only in actions arising on contract, that a jury may be waived,
by the mere failure of the defendant to appear, or answer. And
as this was an action for the recovery of real estate, and not an
action arising on contract, the court erred in dispensing with a
jury.

This conclusion rests on a misconception of the section, which
reads as follows:

"The trial by jury may be waived by the parties in actions

arising on contracts, and with the assent of the court, in other actions in the following manner:

1. By failing to appear at the trial.

2. By written consent in person, or by attorney, filed with the clerk.

3. By oral consent, in open court entered on the record."

The only rational construction of this section, allowable by the language thereof, is that the parties to actions arising on contract may waive a trial by jury. And in other actions than those arising on contract, or in actions not arising on contract, in which class this action is included, as appellant himself contends, a jury may be waived with assent of the court by the failure of the party to appear at the trial.

If a defendant fail to appear and make defense tendering an issue of fact, there is nothing for a jury to try, unless where there is an allegation of value, or amount of damages which by Sec. 153, Civil Code, are not to be taken as true by a failure to controvert them.

A trial is by Sec. 341, Ib., defined to be a judicial examination of the issues, whether of law or fact, in an action. By the next section, issues of law must be tried by the court. Issues of fact, arising in actions by ordinary proceedings, for the recovery of money, or of specific real, or personal estate, shall be tried by a jury, unless a jury trial is waived.

If therefore, there be no issue of fact presented in proceedings by ordinary there can be no trial by jury, except where there is an allegation of value, or damages claimed as provided for in Sec. 153, *supra*.

In this case there is no judgment for damages, and the failure of appellant to appear was a waiver of the trial by jury as the assent of the court thereto is implied by the rendition of the judgment.

Wherefore the same is *affirmed*.

*Turner & Trafton, Stevenson & Myers, for appellant.*

*Vance, for appellee.*